IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARILYN FAYE COLE, | X X X | |
| Plaintiff, | X X | |
| vs. | X | No. 05-2845-Ma/P |
| SHELBY COUNTY DIVISION OF CORRECTIONS, et al., | X X X X | |
| Defendants. | X X X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Marilyn Faye Cole filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on November 15, 2005, along with motions seeking leave to proceed in forma pauperis and for appointment of counsel. Based on the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as the Shelby County Division of Corrections ("SCDC"),[1] George Little, in his official capacity as Director, Andrew Taber, and Walter Crews.

---

[1] Plaintiff is employed by the SCDC at the facility formerly known as the Shelby County Correctional Center. The SCDC was the named defendant in the charge of discrimination filed by the plaintiff. The Clerk shall remove any reference to "Shelby County Government" as a defendant.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _12-05-05_

Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[2] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

---

[2] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[3] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Furthermore, it does not appear from the affidavit supporting plaintiff's motion that she will be unable to obtain counsel on her own. The motion for appointment of counsel is DENIED.

To the extent that plaintiff sues Andrew Taber and Walter Crews, she has no claim. There is no remedy under the employment discrimination statutes against managing or supervisory employees in their individual capacity. Wathen v. General Electric Co., 115 F.3d 400, 405-06 (6th Cir. 1997). Therefore plaintiff has no claim against Andrew Taber or Walter Crews under the employment discrimination statutes.

Accordingly, the claims against the individual defendants Andrew Taber and Walter Crews lack an arguable basis either in law

---

[3] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

3

or in fact and the claims against them are, therefore, DISMISSED as frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

It is ORDERED that the Clerk shall issue process for the remaining defendants, Shelby County Division of Corrections and George Little, and deliver said process to the marshal for service. A copy of this order shall be served on the defendants along with the summons and complaint. Service shall be made on the defendants pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(9). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendants, or on the defendants if they have no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 29th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02845 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Marilyn Faye Cole
1898 Driftwood Avenue
Memphis, TN 38127

Honorable Samuel Mays
US DISTRICT COURT